FILED
Feb 22, 2022
12:23 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Daniel Tedford | ) | Docket No. 2020-02-0046 |
| | ) | |
| v. | ) | State File No. 4141-2020 |
| | ) | |
| Energy Savers, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard January 25, 2022 |
| Compensation Claims | ) | via Microsoft Teams |
| Brian K. Addington, Judge | ) | |

---

### Affirmed and Remanded

---

The employee, an insulation installer, reported two incidents he alleged caused injuries to his shoulders and neck. The employer initiated the payment of benefits after the second reported incident but allegedly paid no benefits with respect to the first reported incident. After the employer denied a request for surgery, the employee filed a petition for benefits, listing the date of the second reported incident as the date of injury. The employer argued that the need for surgery was caused by the first reported incident and that the employee did not file a petition for benefits within the limitations period applicable to that accident. The employee asserted the discovery rule and the employer's voluntary payment of benefits tolled the applicable statute of limitations. Following an expedited hearing, the trial court declined to order the benefits the employee sought and concluded it had insufficient information to address whether the limitations period for the first reported incident had expired. The employee has appealed. Upon careful consideration of the record, we affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Pele I. Godkin joined.

Josh Hoeppner, Kingsport, Tennessee, for the employee-appellant, Daniel Tedford

C. Christopher Brown, Knoxville, Tennessee, for the employer-appellee, Energy Savers, LLC

1

**Factual and Procedural Background**

Daniel Tedford ("Employee"), a resident of Carter County, Tennessee, worked as an insulation installer and "lead sprayer" for Energy Savers, LLC ("Employer"). Sometime in October or November 2019, Employee was working in an attic at a jobsite when he fell through the ceiling, catching himself on the attic floor joists. Employee has been unable to identify the date or precise location of this accident. Employee testified he felt "off" after this accident, but he did not report feeling any particular symptoms, and he continued working. He testified he reported the incident only to make Employer aware of the damage to the ceiling, not because he believed he had suffered an injury.

On or about January 3, 2020, Employee reported experiencing pain and symptoms in his right shoulder, arm, and neck after spraying insulation at a residence for five or six hours. He reported an exacerbation of his symptoms after working on January 6, 2020. Employee went to the emergency room at Sycamore Shoals Hospital that day, then sought care at a walk-in clinic. He alleged he reported his injuries to Employer on January 7, but they failed to provide a panel of physicians. He then filed a petition for benefits on January 23, 2020, identifying January 3, 2020 as the date of injury, and Employer subsequently agreed to initiate benefits.[1]

Over the course of the next ten months, Employee was evaluated and/or treated by numerous providers, including Drs. Janice Schweitzer, Jody Helms, Richard Duncan, Thomas Gill, and Larry Waldrop. His claim was also reviewed at Employer's request by Dr. Christopher Shaver. Employee asserted he informed each of the medical providers about the fall in late 2019, and he claimed he "began to believe that his . . . fall was at least partly the cause of his conditions." Employee acknowledged, however, that the records of these providers do not reference the 2019 fall until he saw Dr. Waldrop in late 2020.

According to Dr. Waldrop's October 13, 2020 report, at his first visit, Employee described the injury as having occurred in January 2020 "while reaching out and [he] felt a pop in his [right] shoulder." An MRI revealed what Dr. Waldrop interpreted as "a subtle superior labral tear," for which he recommended surgery. In a second report dated November 11, 2020, Dr. Waldrop noted he was asked to evaluate Employee's left shoulder complaints. This is the first report in which a medical provider noted that Employee "did fall through a ceiling" three months before the January 2020 incident and "caught himself with his arms." Dr. Waldrop noted Employee expressed complaints of symptoms in his left shoulder similar to those in his right shoulder but "not as bad as the right side." He again recommended a right shoulder arthroscopy to repair the labral tear and also recommended a right distal clavicle excision to address acromioclavicular degenerative changes.

---

[1] The January 2020 petition for benefit determination was not included in the record on appeal.

In response to the request for surgery authorization, Employer requested a case review from Dr. Christopher Shaver, an orthopedic physician. Following his review of the medical records from other providers, Dr. Shaver issued his report in which he opined, "there is no clear evidence of biceps or labral pathology and the individual's reported injury is not consistent with a mechanism of injury that you would expect to produce a labral tear." He then explained:

> The mechanism of injury of continuous spraying overhead from the incident of 1/3/20 and 1/6/20 is typically not correlative to labral pathology (especially in a person of his age) as the individual reported no specific injury. However, an incident such as that referred to in the email of 10/22/2020, with a fall through a ceiling and catching himself, is commonly associated with this type of injury. In regards to causation of this specific event, I would determine that the symptoms reported from 1/3/2020 and 1/6/2020 do not appear to be work-related in regards to a labral tear respecting the current Tennessee Bureau of Workers' Compensation laws after July 1, 2014. The injury does not appear to arise primarily out of and in the course of employment and contribute more than 50% to the cause of the injury considering all causes.

After receiving Dr. Shaver's report, Employer declined to authorize the surgery recommended by Dr. Waldrop, and, consequently, Employee filed a second petition for benefits in December 2020. This petition again listed the date of injury as January 3, 2020. Employer responded that the alleged incidents in January 2020 did not cause the need for surgery as recommended by Dr. Waldrop and that Employee had not identified any other work-related accidental injury by time and place of occurrence.

Following an expedited hearing, the court concluded Employee had not come forward with sufficient evidence to indicate a likelihood of his prevailing at a hearing on the merits. The court noted that Employee was not a good historian and that "no physician had an accurate history of [Employee's] injuries concerning what happened or when." The court determined it could not rely on any causation opinions under such circumstances. Finally, the court concluded that it had insufficient information to determine whether Employee had filed his petition for benefits within the applicable limitations period. The court denied Employee's request for benefits, and Employee has appealed.

**Standard of Review**

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2021). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings and credibility determinations made by the trial

3

court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed de novo. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2021).

## Analysis

In *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015), we discussed an employee's burden of proof at an expedited hearing:

> [A]n injured worker retains the burden of proof at all stages of a workers' compensation claim. At an expedited hearing, a trial court may grant relief if the court is satisfied that an employee has met the burden of showing that he or she is likely to prevail at a hearing on the merits. This lesser evidentiary standard, embodied in section 50-6-239(d)(1), does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a "preponderance of the evidence."

*Id.* at *6. We also noted in *Buchanan* that "an injury is accidental *only if the injury is caused by a specific incident, or set of incidents, identifiable by time and place of occurrence*." *Id.* at *6-7 (quoting Tenn. Code Ann. § 50-6-102(14)(A)).

In the present case, Employee filed two petitions seeking benefits for injuries he allegedly suffered on January 3 and January 6, 2020 while using an insulation sprayer. He later asserted that his right shoulder condition may have been caused by an earlier incident in which he fell through a ceiling at a jobsite and caught himself with his arms. However, to date, Employee has not identified that accident by time and place of occurrence.

Employee argues that by voluntarily initiating the payment of benefits for the January 2020 incidents, Employer's actions tolled the statute of limitations for the 2019 incident. We find no merit to this argument. Tennessee Code Annotated section 50-6-203(b)(2), which sets out the limitations period in circumstances where an employer voluntarily pays benefits, specifically ties the payment of such benefits to "the accident resulting in injury." Tenn. Code Ann. § 50-6-203(b)(2). Here, both petitions filed by

Employee alleged a January 3, 2020 date of injury, and that is the claim that resulted in Employer's decision to initiate the payment of certain benefits. Employee has failed to establish that Employer voluntarily paid any benefits associated with the 2019 incident to toll the statute of limitations applicable to that alleged injury.

Employee further asserts the "discovery rule" tolled the statute of limitations for the 2019 incident because Employee was unaware of the occurrence of an "injury" caused by his falling through the ceiling until late 2020 when Dr. Waldrop evaluated him. The trial court concluded it had insufficient information to determine whether Employee's petition was timely filed because Employee had yet to identify by time and place of occurrence the accidental injury he described as falling through a ceiling. We agree with the trial court and conclude it is unnecessary at this stage for us to address whether the discovery rule is applicable. We do not address factual issues before the trial court has had a reasonable opportunity to address the issues, as that would improperly place us in the role of original fact finder. *See Fritts v. Anderson Cty. Election Comm'n*, No. E2003-00015-COA-R3-CV & No. E2002-03118-COA-R3-CV, 2003 Tenn. App. LEXIS 564, at *8 (Tenn. Ct. App. Aug. 11, 2003) ("It is inappropriate for this Court to assume the role of original fact finder."). Thus, initially, it is the trial court's role to determine whether the discovery rule tolled the statute of limitations for any injury identified by Employee.

## Conclusion

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Daniel Tedford | ) | Docket No.  2020-02-0046 |
| | ) | |
| v. | ) | State File No.  4141-2020 |
| | ) | |
| Energy Savers, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard January 25, 2022 |
| Compensation Claims | ) | via Microsoft Teams |
| Brian K. Addington, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 22nd day of February, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Josh Hoeppner | | | | X | josh@hoeppnerlaw.com |
| C. Christopher Brown | | | | X | chris.brown@leitnerfirm.com |
| Brian K. Addington, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov